**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

__Northern__ District of: __Illinois__
(State)

Case number (if known) _____

Chapter you are filing under:

☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
☑ Chapter 13

☐ Check if this is an amended filing

## Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy     12/17

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," "the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport<br><br>Bring your picture identification to your meeting with the trustee. | **Tara**<br>First name<br><br>Middle name<br><br>**Buck**<br>Last name<br><br>Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br><br>Include your married or maiden names. | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | XXX – XX– __0009__<br>OR<br>9 xx – xx– _____ | XXX – XX– _____<br>OR<br>9 xx – xx– _____ |

Debtor 1   Tara                          Buck                   Case number *(if known)* _____
         First Name          Middle Name          Last Name

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and doing business as names

About Debtor 1:

☑ I have not used any business names or EINs.

_____
Business name

_____
Business name

_____
EIN

_____
EIN

About Debtor 2 (Spouse Only in a Joint Case):

☐ I have not used any business names or EINs.

_____
Business name

_____
Business name

_____
EIN

_____
EIN

**5. Where you live**

8129 S Damen Ave
_____
Number         Street

_____

Chicago         Illinois         60620
_____
City          State         Zip Code

Cook
_____
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

_____
Number         Street

_____

_____
City          State         Zip Code

If Debtor 2 lives at a different address:

_____
Number         Street

_____

_____
City          State         Zip Code

_____
County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

_____
Number         Street

_____

_____
City          State         Zip Code

**6. Why you are choosing this district to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. §§ 1408.)

_____

_____

_____

_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. §§ 1408.)

_____

_____

_____

_____

| Debtor 1 | Tara | | Buck | Case number *(if known)* | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**Part 2:    Tell the Court About Your Bankruptcy Case**

**7.  The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form B2010)). Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
☑ Chapter 13

**8.  How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay Your Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9.  Have you filed for bankruptcy within the last 8 years?**

☐ No.
☑ Yes.

| District | When | Case number |
|---|---|---|
| Northern District of Illinois | 9/19/2014 <br> MM / DD / YYYY | 1:2014bk34119 |
| | MM / DD / YYYY | |
| | MM / DD / YYYY | |

**10.  Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No.
☐ Yes.

| Debtor | | Relationship to you |
|---|---|---|
| District | When <br> MM / DD / YYYY | Case number, if known |
| Debtor | | Relationship to you |
| District | When <br> MM / DD / YYYY | Case number, if known |

**11.  Do you rent your residence?**

☑ No.  Go to line 12.

☐ Yes.  Has your landlord obtained an eviction judgment against you?

  ☑ No.  Go to line 12.

  ☐ Yes.  Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

| Debtor 1 | Tara | | Buck | | Case number *(if known)* | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

## Part 3:    Report About Any Businesses You Own as a Sole Proprietor

**12. Are you a sole proprietor of any full- or part-time business?**

☑ No.  Go to Part 4.

☐ Yes. Name and location of business

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

_____
Name of business, if any

_____
Number                    Street

_____

_____

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

City                    State                    Zip Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a *small business debtor*, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 11 16(1)(B).

For a definition of small business debtor, see 11 U.S.C. § 101(51D).

☑ No.  I am not filing under Chapter 11.

☐ No.  I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

## Part 4:    Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No.

☐ Yes. What is the hazard?

_____

If immediate attention is needed, why is it needed?

_____

Where is the property?

_____
Number                    Street

_____

City                    State                    Zip Code

Debtor 1    Tara                                    Buck                    Case number *(if known)*
_____
             First Name       Middle Name         Last Name

---

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|

**15. Tell the court whether you have received briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

---

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

---

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

---

| Debtor 1 | Tara | | Buck | | Case number *(if known)* | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

## Part 6:  Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

**16a. Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

- ☐ No. Go to line 16b.
- ☑ Yes. Go to line 17.

**16b. Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

- ☐ No. Go to line 16c.
- ☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

_____

**17. Are you filing under Chapter 7?**

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

- ☑ No.  I am not filing under Chapter 7. Go to line 18.
- ☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?
  - ☐ No.
  - ☐ Yes.

**18. How many creditors do you estimate that you owe?**

- ☑ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5,001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

- ☑ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☑ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Part 7:  Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✘ _____/s/ Tara Buck_____
Signature of Debtor 1

✘ _____
Signature of Debtor 2

Executed on   _9/20/2018_____
　　　　　　　MM / DD / YYYY

Executed on   _____
　　　　　　　MM / DD / YYYY

Debtor 1   Tara _____ Buck _____   Case number (if known) _____
           First Name   Middle Name   Last Name

| **For your attorney, if you are represented by one** | I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect. |
|---|---|
| **If you are not represented by an attorney, you do not need to file this page.** | |

✗   /s/ Hilary L Jabs _____   Date   9/20/2018 _____
     Signature of Attorney for Debtor                        MM / DD / YYYY

Hilary L Jabs _____
Printed name

Semrad Law Firm _____
Firm name

11101 S. Western Avenue _____
Street

_____

Chicago _____   Illinois _____   60643 _____
City                          State                Zip Code

Contact phone   **3122234975** _____   Email address   **hjabs@semradlaw.com** _____

_____   Illinois _____
Bar number                       State

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Tara | | Buck |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern | District of Illinois | |
| | | (State) | |
| Case number | | | |
| (If known) | | | |

☐ Check if this is an amended filing

# Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information   12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new Summary and check the box at the top of this page.

### Part 1:   Summarize Your Assets

**Your assets**
Value of what you own

1. **Schedule A/B: Property** (Official Form 106A/B)

    1a. Copy line 55, Total real estate, from *Schedule A/B* ......................................................   $0.00

    1b. Copy line 62, Total personal property, from *Schedule A/B* ...........................................   $24,608.00

    1c. Copy line 63, Total of all property on *Schedule A/B*......................................................   $24,608.00

### Part 2:   Summarize Your Liabilities

**Your liabilities**
Amount you owe

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)

    2a. Copy the total you listed in Column A, Amount of claim, at the bottom of the last page of Part 1 of *Schedule D*   $26,070.38

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)   $0.00

    3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F* ...........................

    3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F* .......................   $124,161.00

    **Your total liabilities**   $150,231.38

### Part 3:   Summarize Your Income and Expenses

4. *Schedule I: Your Income* (Official Form 106I)

    Copy your combined monthly income from line 12 of *Schedule I*............................................................   $3,061.50

5. *Schedule J: Your Expenses* (Official Form 106J)

    Copy your monthly expenses from line 22, Column A, of *Schedule J*.................................................   $2,381.00

Debtor 1  Tara _____ _____  Buck _____   Case number *(if known)* _____
          First Name   Middle Name         Last Name

| Part 4: | Answer These Questions for Administrative and Statistical Records |

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ☑ Yes.

7. **What kind of debt do you have?**

   ☑ **Your debts are primarily consumer debts.** Consumer debts are those incurred by an individual primarily for a personal, family, or household purpose. 11 U.S.C. § 101(8). Fill out lines 8-10 for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

8. **From the *Statement of Your Current Monthly Income:* Copy your total current monthly income from Official Form 122A-1 Line 11; OR, Form 122B Line 11; OR, Form 122C-1 Line 14.

   | $4,298.78 |

9. **Copy the following special categories of claims from Part 4, line 6 of Schedule E/F:**

| From Part 4 on Schedule E/F, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $0.00 |
| 9d. Student loans. (Copy line 6f.) | $105,370.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | $0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $105,370.00 |

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Tara | | Buck |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern | District of Illinois | |
| | | (State) | |
| Case number | | | |
| (If known) | | | |

☐ Check if this is an
  amended filing

## Official Form 106A/B

## Schedule A/B: Property                                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

**1. Do you own or have any legal or equitable interest in any residence, building, or similar property?**

☑ No. Go to Part 2
☐ Yes. Where is the property?

1.1  _____

     Street address, if available, or other description

     _____

     _____

     _____
     Number     Street

     _____
     City       State    Zip Code

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**          **Current value of the portion you own?**

_____          _____

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ Check if this is community property (see instructions)

If you own or have more than one, list here:

1.2  _____

     Street address, if available, or other description

     _____

     _____

     _____
     Number     Street

     _____
     City       State    Zip Code

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**          **Current value of the portion you own?**

_____          _____

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ Check if this is community property (see instructions)

Debtor 1    Tara                                      Buck                        Case number *(if known)* _____
_____
First Name        Middle Name              Last Name

| | | | |
|---|---|---|---|

**1.3**

_____
Street address, if available, or other description

_____

_____

Number        Street

_____
City            State        Zip Code

**What is the property?** Check all that apply.

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:**
_____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
_____

**Current value of the portion you own?**
_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**
_____

☐ **Check if this is community property (see instructions)**

**2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.** ▶

_____

---

| Part 2: | **Describe Your Vehicles** |
|---|---|

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
☑ Yes

**3.1** Make      Jeep
Model:      Cherokee
Year:      2018
Approximate mileage:      3800

Other information:
_____

**Who has an interest in the property?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
$20108.00

**Current value of the portion you own?**
$20108.00

**3.2** Make      _____
Model:      _____
Year:      _____
Approximate mileage:      _____

Other information:
_____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
_____

**Current value of the portion you own?**
_____

Debtor 1    Tara                                    Buck                    Case number *(if known)* _____
            First Name        Middle Name          Last Name

| 3.3 | Make: _____<br>Model: _____<br>Year: _____<br>Approximate mileage: _____<br><br>Other information: | **Who has an interest in the property?** Check one.<br><br>☐ Debtor 1 only<br>☐ Debtor 2 only<br>☐ Debtor 1 and Debtor 2 only<br>☐ At least one of the debtors and another<br>☐ **Check if this is community property** (see instructions) | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*<br><br>**Current value of the entire property?** _____  **Current value of the portion you own?** _____ |
| 3.4 | Make: _____<br>Model: _____<br>Year: _____<br>Approximate mileage: _____<br><br>Other information: | **Who has an interest in the property?** Check one.<br><br>☐ Debtor 1 only<br>☐ Debtor 2 only<br>☐ Debtor 1 and Debtor 2 only<br>☐ At least one of the debtors and another<br>☐ **Check if this is community property** (see instructions) | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*<br><br>**Current value of the entire property?** _____  **Current value of the portion you own?** _____ |

**4.    Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
       Examples: Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No
☐ Yes

| 4.1 | Make: _____<br>Model: _____<br>Year: _____<br>Approximate mileage: _____<br><br>Other information: | **Who has an interest in the property?** Check one.<br><br>☐ Debtor 1 only<br>☐ Debtor 2 only<br>☐ Debtor 1 and Debtor 2 only<br>☐ At least one of the debtors and another<br>☐ **Check if this is community property** (see instructions) | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*<br><br>**Current value of the entire property?** _____  **Current value of the portion you own?** _____ |
| 4.2 | Make: _____<br>Model: _____<br>Year: _____<br>Approximate mileage: _____<br><br>Other information: | **Who has an interest in the property?** Check one.<br><br>☐ Debtor 1 only<br>☐ Debtor 2 only<br>☐ Debtor 1 and Debtor 2 only<br>☐ At least one of the debtors and another<br>☐ **Check if this is community property** (see instructions) | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*<br><br>**Current value of the entire property?** _____  **Current value of the portion you own?** _____ |

**5. Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** ................................................................    $20108.00 _____
▶

Debtor 1   Tara                          Buck                    Case number *(if known)* _____
           First Name      Middle Name   Last Name

| Part 3: | Describe Your Personal and Household Items |

**Do you own or have any legal or equitable interest in any of the following items?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
Examples: Major appliances, furniture, linens, china, kitchenware

☐ No
☑ Yes. Describe...   Beds & Closet                                    $1200.00

**7. Electronics**
Examples: Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music

☐ No
☑ Yes. Describe...   TV                                               $300.00

**8. Collectibles of value**
Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects;
          stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

☑ No
☐ Yes. Describe...

**9. Equipment for sports and hobbies**
Examples: Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes
          and kayaks; carpentry tools; musical instruments

☑ No
☐ Yes. Describe...

**10. Firearms**
Examples: Pistols, rifles, shotguns, ammunition, and related equipment

☑ No
☐ Yes. Describe...

**11. Clothes**
Examples: Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No
☑ Yes. Describe...   Misc. Clothing                                   $2000.00

**12. Jewelry**
Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems,
          gold, silver

☑ No
☐ Yes. Describe...

**13. Non-farm animals**
Examples: Dogs, cats, birds, horses

☑ No
☐ Yes. Describe...

**14. Any other personal and household items you did not already list, including any health aids you did not list**

☑ No
☐ Yes. Describe...

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
for Part 3. Write that number here** .................................................................................................   $4500.00
►

| Debtor 1 | Tara | | Buck | | Case number *(if known)* | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

| Part 4: | Describe Your Financial Assets |
|---|---|

| **Do you own or have any legal or equitable interest in any of the following?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**

Examples: Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☑ No

☐ Yes ....................................................................................   Cash: ................................  _____

**17. Deposits of money**

Examples: Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No

☑ Yes

Institution name:

| | | |
|---|---|---|
| 17.1. Checking account: | Chase | $0.00 |
| 17.2. Checking account: | | |
| 17.3. Savings account: | Chase | $0.00 |
| 17.4. Savings account: | | |
| 17.5. Certificates of deposit: | | |
| 17.6. Other financial account: | | |
| 17.7. Other financial account: | | |
| 17.8. Other financial account: | | |
| 17.9. Other financial account: | | |

**18. Bonds, mutual funds, or publicly traded stocks**

Examples: Bond funds, investment accounts with brokerage firms, money market accounts

☑ No

☐ Yes

Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☑ No

☐ Yes. Give specific information about them

Name of entity:                % of ownership:

Debtor 1    Tara                                          Buck                      Case number *(if known)* _____
_____
First Name          Middle Name              Last Name

---

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    Negotiable instruments include personal checks, cashiers' checks, promissory notes, and money orders.
    Non-negotiable instruments are those you cannot transfer to someone by signing or delivering them.

    ☑ No

    ☐ Yes. Give specific
       information about       Issuer name:
       them.....

---

21. **Retirement or pension accounts**
    Examples: Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

    ☐ No

    ☑ Yes. List each       Type of account:              Institution name:
       account
       separately.         401(k) or similar plan:       USPS                           $0.00

                           Pension plan:

                           IRA:

                           Retirement account:

                           Keogh:

                           Additional account:

                           Additional account:

---

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    Examples: Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications
    companies, or others

    ☑ No                                                  Institution name:

    ☐ Yes....               Electric:

                            Gas:

                            Heating oil:

                            Security deposit on rental unit:

                            Prepaid rent:

                            Telephone:

                            Water:

                            Rented furniture:

                            Other:

---

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

    ☑ No

    ☐ Yes....               Issuer name and description:

---

Debtor 1    Tara                                Buck                    Case number *(if known)*  _____
              First Name        Middle Name          Last Name

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

    ☑ No
    ☐ Yes....      Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

    _____  _____
    _____  _____
    _____  _____

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

    ☑ No
    ☐ Yes. Describe...    _____

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

    ☑ No
    ☐ Yes. Describe...    _____

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

    ☑ No
    ☐ Yes. Describe...    _____

## Money or property owed to you?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**

    ☑ No
    ☐ Yes. Give specific information          Federal:    $0.00
      about them, including whether
      you already filed the returns           State:      $0.00
      and the tax years..............
                                              Local:      $0.00

29. **Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

    ☑ No
    ☐ Yes. Give specific information......    Alimony:              $0.00

                                             Maintenance:          $0.00

                                             Support:              $0.00

                                             Divorce settlement:   $0.00

                                             Property settlement:  $0.00

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation,
              Social Security benefits; unpaid loans you made to someone else

    ☑ No
    ☐ Yes. Describe...    _____

    _____

Debtor 1    Tara                              Buck                    Case number *(if known)* _____
First Name    Middle Name    Last Name

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☑ No
☐ Yes. Name the insurance company
of each policy and list its value.....

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No
☐ Yes. Describe...    _____

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☑ No
☐ Yes. Describe...    _____

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☑ No
☐ Yes. Describe...    _____

**35. Any financial assets you did not already list**

☑ No
☐ Yes. Describe...    _____

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here** ....................................................................▶    _____

---

**Part 5:    Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

**37. Do you own or have any legal or equitable interest in any business-related property?**

☑ No. Go to Part 6.
☐ Yes. Go to line 38.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions

**38. Accounts receivable or commissions you already earned**

☑ No
☐ Yes. Describe...    _____

**39. Office equipment, furnishings, and supplies**
*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☑ No
☐ Yes. Describe...    _____

Debtor 1  Tara                                    Buck                        Case number *(if known)*
         First Name            Middle Name         Last Name

40. **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No
☐ Yes. Describe...

41. **Inventory**

☑ No
☐ Yes. Describe...

42. **Interests in partnerships or joint ventures**

☑ No
☐ Yes. Give specific      Name of entity:                    % of ownership:
   information about
   them

43. **Customer lists, mailing lists, or other compilations**

☑ No
☐ Yes. Do your lists include personally identifiable information (as defined in 11 U.S.C. § 101(41A))?

   ☐ No
   ☐ Yes. Describe........

44. **Any business-related property you did not already list**

☑ No
☐ Yes. Give specific
   information .......

45. **Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached
for Part 5. Write that number here** .................................................................................................................. ▶

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|

If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

   Current value of the
   portion you own?
   Do not deduct secured claims
   or exemptions

☑ No. Go to Part 7.
☐ Yes. Go to line 47.

47. **Farm animals**
   *Examples:* Livestock, poultry, farm-raised fish

☑ No
☐ Yes. Describe...

Debtor 1    Tara                    Buck                    Case number *(if known)*
　　　　　First Name    Middle Name    Last Name

48. **Crops-either growing or harvested**

☑ No
☐ Yes. Describe...

49. **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No
☐ Yes. Describe...

50. **Farm and fishing supplies, chemicals, and feed**

☑ No
☐ Yes. Describe...

51. **Any farm- and commercial fishing-related property you did not already list**

☑ No
☐ Yes. Describe...

**52. Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached
for Part 6. Write that number here** ...................................................................................................................

▶

| Part 7: | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |

53. **Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

☑ No
☐ Yes. Give specific
information

**54. Add the dollar value of all of your entries from Part 7. Write that number here** ...................................... ▶

| Part 8: | **List the Totals of Each Part of this Form** |

55. **Part 1: Total real estate, line 2** ................................................................................ ▶

56. **part 2 total vehicles, line 5**                    $20108.00

57. **Part 3: Total personal and household items, line 15**    $4500.00

58. **Part 4: Total financial assets, line 36**

59. **Part 5: Total business-related property, line 45**

60. **Part 6: Total farm- and fishing-related property, line 52**

61. **Part 7: Total other property not listed, line 54**

62. **Total personal property.** Add lines 56 through 61. ....................    $24608.00    Copy personal property total ▶    + $24608.00

63. **Total of all property on Schedule A/B.** Add line 55 + line 62............................................................    $24608.00

| Debtor 1 | Tara | | Buck | Case number *(if known)* | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

# Schedule A/B: Property. Additional page

| Part 3: | Describe Your Personal and Household Items |
|---|---|

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**6.2. Household goods and furnishings**

☐ No

☑ Yes. Describe...    Living room set    $1000.00

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Tara | | Buck |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern | District of Illinois | |
| | | (State) | |
| Case number (If known) | | | |

☐ Check if this is an amended filing

# Official Form 106C

# Schedule C: The Property You Claim as Exempt       04/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

## Part 1:    Identify the Property You Claim as Exempt

1.  **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

    ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

    ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2.  **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description:<br>**Jeep Cherokee, 2018**<br>Line from *Schedule A/B:* 03 | $20,108.00 | ☑ $0<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(c); 735 ILCS 5/12-1001(b) |
| Brief description:<br>**Beds & Closet**<br>Line from *Schedule A/B:* 06 | $1,200.00 | ☑ $0<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |

3.  **Are you claiming a homestead exemption of more than $160,375?**
    *(Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)*

    ☑ No

    ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

    ☐ No

    ☐ Yes

Debtor 1   Tara                                    Buck                 Case number *(if known)*
           First Name          Middle Name         Last Name

| **Part 2:** | **Additional Page** |
|---|---|

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description:<br>**Checking account, Chase**<br>Line from *Schedule A/B:* 17 | $0.00 | ☑ $0<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |
| Brief description:<br>**Savings account, Chase**<br>Line from *Schedule A/B:* 17 | $0.00 | ☑ $0<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |
| Brief description:<br>**Living room set**<br>Line from *Schedule A/B:* 06 | $1,000.00 | ☑ $1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |
| Brief description:<br>**Misc. Clothing**<br>Line from *Schedule A/B:* 11 | $2,000.00 | ☑ $2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(a) |
| Brief description:<br>**TV**<br>Line from *Schedule A/B:* 07 | $300.00 | ☑ $300.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |
| Brief description:<br>**401(k) or similar plan, USPS**<br>Line from *Schedule A/B:* 21 | $0.00 | ☑ $0<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1006 |

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Tara | | Buck |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern | | District of Illinois |
| | | | (State) |
| Case number | | | |
| (If known) | | | |

☐ Check if this is an amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

**Part 1:** List All Secured Claims

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|---|
| **2.1** MECHANICS BANK FKA CRB<br>Creditor's Name<br>**PO BOX 25805**<br>_Number        Street_<br><br>**SANTA ANA    CA   92799**<br>_City        State  ZIP Code_<br>**Who owes the debt?** Check one.<br>☑ Debtor 1 only<br>☐ Debtor 2 only<br>☐ Debtor 1 and Debtor 2 only<br>☐ At least one of the debtors and another<br>☐ **Check if this claim relates to a community debt**<br>Date debt was incurred       **1/2018** | **Describe the property that secures the claim:**<br>Jeep Cherokee \| Value: $20,108.00<br>**As of the date you file, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Nature of lien.** Check all that apply.<br>☐ An agreement you made (such as mortgage or secured car loan)<br>☐ Statutory lien (such as tax lien, mechanic's lien)<br>☐ Judgment lien from a lawsuit<br>☐ Other (including a right to offset) _____<br>Last 4 digits of account number _____ 1001 | $24,405.00 | $20,108.00 | $4,297.00 |
| **2.2** Progressive Leasing<br>Creditor's Name<br>**256 W. Data Drive**<br>_Number        Street_<br><br>**Drapper     UT   84020**<br>_City        State  ZIP Code_<br>**Who owes the debt?** Check one.<br>☑ Debtor 1 only<br>☐ Debtor 2 only<br>☐ Debtor 1 and Debtor 2 only<br>☐ At least one of the debtors and another<br>☐ **Check if this claim relates to a community debt**<br>Date debt was incurred | **Describe the property that secures the claim:**<br>Beds & Closet<br>**As of the date you file, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Nature of lien.** Check all that apply.<br>☐ An agreement you made (such as mortgage or secured car loan)<br>☐ Statutory lien (such as tax lien, mechanic's lien)<br>☐ Judgment lien from a lawsuit<br>☐ Other (including a right to offset) _____<br>Last 4 digits of account number _____ | $1,665.38 | $1,200.00 | $465.38 |
| **Add the dollar value of your entries in Column A on this page. Write that number here:** | | $26,070.38 | | |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Tara | | Buck |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern | | District of Illinois |
| | | | (State) |
| Case number | | | |
| (If known) | | | |

Official Form 106E/F

☐ Check if this is an amended filing

# Schedule E/F: Creditors Who Have Unsecured Claims   12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Property* (Official Form 106A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G). Do not include any creditors with partially secured claims that are listed in *Schedule D: Creditors Who Hold Claims Secured by Property*. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. On the top of any additional pages, write your name and case number (if known).

## Part 1:  List All of Your PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims against you?**
    ☑ No. Go to Part 2.
    ☐ Yes.

2.  **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.
    (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|

| Debtor 1 | Tara | | Buck | Case number *(if known)* | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

## Part 2:  List All of Your NONPRIORITY Unsecured Claims

**3.  Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☑ Yes.

**4.  List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than four priority unsecured claims fill out the Continuation Page of Part 2.

|  | | **Total claim** |
|---|---|---|

### 4.1

| 71st & Jeffery Loans | | | | |
|---|---|---|---|---|
| Nonpriority Creditor's Name | | | | **$1,200.00** |
| 7100 S Jeffery Ave | | | | |
| Number | Street | | | |

| Chicago | Illinois | 60649 |
|---|---|---|
| City | State | Zip Code |

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Is the claim subject to offset?**

☑ No
☐ Yes

Last 4 digits of account number _____

**When was the debt incurred?**          n/a

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify _____ Other

### 4.2

| Archerfield Funding, LLC | | | | |
|---|---|---|---|---|
| Nonpriority Creditor's Name | | | | **$800.00** |
| 3601 PGA Boulevard Ste 220 | | | | |
| Number | Street | | | |

| Palm Beach Gardens | Florida | 33410 |
|---|---|---|
| City | State | Zip Code |

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Is the claim subject to offset?**

☑ No
☐ Yes

Last 4 digits of account number _____

**When was the debt incurred?**          n/a

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify _____ Other

### 4.3

| Ashley Stewart | | | | |
|---|---|---|---|---|
| Nonpriority Creditor's Name | | | | **$500.00** |
| PO Box 659705 | | | | |
| Number | Street | | | |

| San Antonio | Texas | 78265 |
|---|---|---|
| City | State | Zip Code |

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Is the claim subject to offset?**

☑ No
☐ Yes

Last 4 digits of account number _____

**When was the debt incurred?**          n/a

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify _____ Other

| Debtor 1 | Tara | | Buck | | Case number *(if known)* _____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

## Part 2:   Your NONPRIORITY Unsecured Claims - Continuation Page

| After listing any entries on this page, number them beginning with 4.5, followed by 4.6, and so forth. | Total claim |
|---|---|

**4.4**

| Chrysler Financial Services | | | Last 4 digits of account number _____ | $2,500.00 |
|---|---|---|---|---|
| Nonpriority Creditor's Name | | | When was the debt incurred?        n/a | |
| 3760 Lavista Rd | | | | |
| Number | Street | | **As of the date you file, the claim is:** Check all that apply. | |
| Suite 200 | | | ☐ Contingent | |
| | | | ☐ Unliquidated | |
| Tucker | Georgia | 30084 | ☐ Disputed | |
| City | State | Zip Code | | |
| **Who incurred the debt?** Check one. | | | **Type of NONPRIORITY unsecured claim:** | |
| ☑ Debtor 1 only | | | ☐ Student loans | |
| ☐ Debtor 2 only | | | ☐ Obligations arising out of a separation agreement or | |
| ☐ Debtor 1 and Debtor 2 only | | | divorce that you did not report as priority claims | |
| ☐ At least one of the debtors and another | | | ☐ Debts to pension or profit-sharing plans, and other similar debts | |
| ☐ **Check if this claim relates to a community debt** | | | ☑ Other. Specify          Mopar | |
| **Is the claim subject to offset?** | | | | |
| ☑ No | | | | |
| ☐ Yes | | | | |

**4.5**

| City of Chicago - Dept. of Finance | | | Last 4 digits of account number _____ | $200.00 |
|---|---|---|---|---|
| Nonpriority Creditor's Name | | | When was the debt incurred?        n/a | |
| PO Box 88292 | | | | |
| Number | Street | | **As of the date you file, the claim is:** Check all that apply. | |
| | | | ☐ Contingent | |
| | | | ☐ Unliquidated | |
| Chicago | Illinois | 60680 | ☐ Disputed | |
| City | State | Zip Code | | |
| **Who incurred the debt?** Check one. | | | **Type of NONPRIORITY unsecured claim:** | |
| ☑ Debtor 1 only | | | ☐ Student loans | |
| ☐ Debtor 2 only | | | ☐ Obligations arising out of a separation agreement or | |
| ☐ Debtor 1 and Debtor 2 only | | | divorce that you did not report as priority claims | |
| ☐ At least one of the debtors and another | | | ☐ Debts to pension or profit-sharing plans, and other similar debts | |
| ☐ **Check if this claim relates to a community debt** | | | ☑ Other. Specify          Other | |
| **Is the claim subject to offset?** | | | | |
| ☑ No | | | | |
| ☐ Yes | | | | |

**4.6**

| City of Hometown | | | Last 4 digits of account number _____ | $200.00 |
|---|---|---|---|---|
| Nonpriority Creditor's Name | | | When was the debt incurred?        n/a | |
| 4331 Southwest Highway | | | | |
| Number | Street | | **As of the date you file, the claim is:** Check all that apply. | |
| | | | ☐ Contingent | |
| | | | ☐ Unliquidated | |
| Hometown | Illinois | 60456 | ☐ Disputed | |
| City | State | Zip Code | | |
| **Who incurred the debt?** Check one. | | | **Type of NONPRIORITY unsecured claim:** | |
| ☑ Debtor 1 only | | | ☐ Student loans | |
| ☐ Debtor 2 only | | | ☐ Obligations arising out of a separation agreement or | |
| ☐ Debtor 1 and Debtor 2 only | | | divorce that you did not report as priority claims | |
| ☐ At least one of the debtors and another | | | ☐ Debts to pension or profit-sharing plans, and other similar debts | |
| ☐ **Check if this claim relates to a community debt** | | | ☑ Other. Specify          Other | |
| **Is the claim subject to offset?** | | | | |
| ☑ No | | | | |
| ☐ Yes | | | | |

| Debtor 1 | Tara | | Buck | | Case number *(if known)* | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

| **Part 2:** | **Your NONPRIORITY Unsecured Claims - Continuation Page** |
|---|---|

| After listing any entries on this page, number them beginning with 4.5, followed by 4.6, and so forth. | **Total claim** |
|---|---|

### 4.7

Comcast (Xfinity)
Nonpriority Creditor's Name
P.O. Box 3001
Number          Street

Southeastern          Pennsylvania          19398
City                         State                       Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

**Last 4 digits of account number** _____
**When was the debt incurred?**          n/a

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify          Other

**$800.00**

### 4.8

CONVERGENT OUTSOURCING
Nonpriority Creditor's Name
10750 HAMMERLY BLVD #200
Number       Street

Houston          Texas          77043
City                  State          Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

**Last 4 digits of account number**          6235
**When was the debt incurred?**          4/2018

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify          001 Collection; Collecting for ORIGINAL CREDITOR: COMCAST

**$490.00**

### 4.9

DEPT OF ED/NAVIENT
Nonpriority Creditor's Name
PO BOX 9635
Number       Street

WILKES BARRE          Pennsylvania          18773
City                              State                      Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

**Last 4 digits of account number**          0901
**When was the debt incurred?**          9/2015

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [x] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [ ] Other. Specify _____

**$22,776.00**

Debtor 1    Tara _____ Buck _____    Case number *(if known)* _____
   First Name    Middle Name    Last Name

## Part 2:    Your NONPRIORITY Unsecured Claims - Continuation Page

After listing any entries on this page, number them beginning with 4.5, followed by 4.6, and so forth.

| | | Total claim |
|---|---|---|

**4.10**
DEPT OF ED/NAVIENT
Nonpriority Creditor's Name
PO BOX 9635
Number          Street

WILKES BARRE          Pennsylvania          18773
City          State          Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number          0906
When was the debt incurred?          9/2016

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [x] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [ ] Other. Specify _____

**Total claim:** $18,079.00

---

**4.11**
DEPT OF ED/NAVIENT
Nonpriority Creditor's Name
PO BOX 9635
Number          Street

WILKES BARRE          Pennsylvania          18773
City          State          Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number          0908
When was the debt incurred?          9/2017

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [x] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [ ] Other. Specify _____

**Total claim:** $16,075.00

---

**4.12**
DEPT OF ED/NAVIENT
Nonpriority Creditor's Name
PO BOX 9635
Number          Street

WILKES BARRE          Pennsylvania          18773
City          State          Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number          1008
When was the debt incurred?          10/2012

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [x] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [ ] Other. Specify _____

**Total claim:** $9,743.00

| Debtor 1 | Tara | | Buck | | Case number *(if known)* | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

## Part 2:   Your NONPRIORITY Unsecured Claims - Continuation Page

| After listing any entries on this page, number them beginning with 4.5, followed by 4.6, and so forth. | Total claim |
|---|---|

**4.13**

DEPT OF ED/NAVIENT
Nonpriority Creditor's Name
PO BOX 9635
Number          Street

WILKES BARRE          Pennsylvania          18773
City                          State                 Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number    0904
When was the debt incurred?    9/2013

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [x] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [ ] Other. Specify _____

Total claim: **$8,286.00**

**4.14**

DEPT OF ED/NAVIENT
Nonpriority Creditor's Name
PO BOX 9635
Number          Street

WILKES BARRE          Pennsylvania          18773
City                          State                 Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number    0827
When was the debt incurred?    8/2014

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [x] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [ ] Other. Specify _____

Total claim: **$8,220.00**

**4.15**

DEPT OF ED/NAVIENT
Nonpriority Creditor's Name
PO BOX 9635
Number          Street

WILKES BARRE          Pennsylvania          18773
City                          State                 Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number    0904
When was the debt incurred?    9/2013

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [x] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [ ] Other. Specify _____

Total claim: **$5,919.00**

Debtor 1   Tara _____ Buck _____   Case number *(if known)* _____
     First Name         Middle Name         Last Name

| **Part 2:** | **Your NONPRIORITY Unsecured Claims - Continuation Page** | |
|---|---|---|

After listing any entries on this page, number them beginning with 4.5, followed by 4.6, and so forth.     **Total claim**

---

**4.16**   DEPT OF ED/NAVIENT
Nonpriority Creditor's Name
PO BOX 9635
Number     Street

WILKES BARRE     Pennsylvania     18773
City     State     Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number ___0827___
When was the debt incurred?   8/2014

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [x] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [ ] Other. Specify _____

**Total claim**   $5,876.00

---

**4.17**   DEPT OF ED/NAVIENT
Nonpriority Creditor's Name
PO BOX 9635
Number     Street

WILKES BARRE     Pennsylvania     18773
City     State     Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number ___1008___
When was the debt incurred?   10/2012

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [x] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [ ] Other. Specify _____

$5,869.00

---

**4.18**   DEPT OF ED/NAVIENT
Nonpriority Creditor's Name
PO BOX 9635
Number     Street

WILKES BARRE     Pennsylvania     18773
City     State     Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number ___0520___
When was the debt incurred?   6/2016

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [x] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [ ] Other. Specify _____

$4,527.00

---

| Debtor 1 | Tara | | Buck | | Case number *(if known)* |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

## Part 2:   Your NONPRIORITY Unsecured Claims - Continuation Page

| After listing any entries on this page, number them beginning with 4.5, followed by 4.6, and so forth. | Total claim |
|---|---|

**4.19**

| HUNTER WARFIELD | | | | Last 4 digits of account number | 5552 | $2,600.00 |
|---|---|---|---|---|---|---|

Nonpriority Creditor's Name
4620 WOODLAND CORPORATE
Number        Street

When was the debt incurred?        1/2018

TAMPA            Florida        33614
City              State        Zip Code

**Who incurred the debt?** Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ 001 Collection; Collecting for
      ORIGINAL CREDITOR: HINSDALE
  Other. Specify        LAKE TERRACE

**4.20**

| HUNTER WARFIELD | | | | Last 4 digits of account number | 5669 | $1,027.00 |
|---|---|---|---|---|---|---|

Nonpriority Creditor's Name
4620 WOODLAND CORPORATE
Number        Street

When was the debt incurred?        1/2018

TAMPA            Florida        33614
City              State        Zip Code

**Who incurred the debt?** Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ 001 Collection; Collecting for
      ORIGINAL CREDITOR: DEPOSIT
  Other. Specify        IQ

**4.21**

| I C SYSTEM INC | | | | Last 4 digits of account number | 6959 | $369.00 |
|---|---|---|---|---|---|---|

Nonpriority Creditor's Name
PO BOX 64378
Number        Street

When was the debt incurred?        2/2018

SAINT PAUL        Minnesota        55164
City              State        Zip Code

**Who incurred the debt?** Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ 001 Collection; Collecting for
      ORIGINAL CREDITOR:
  Other. Specify        COMCAST

Debtor 1  Tara _____ Buck _____  Case number *(if known)* _____

| First Name | Middle Name | Last Name |

| **Part 2:** | **Your NONPRIORITY Unsecured Claims - Continuation Page** |

After listing any entries on this page, number them beginning with 4.5, followed by 4.6, and so forth.

**Total claim**

---

**4.22** Illinois Lending
Nonpriority Creditor's Name
2350 W Grand Ave
Number          Street

Chicago          Illinois          60612
City          State          Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number _____

When was the debt incurred?          n/a

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify _____ Other _____

$800.00

---

**4.23** MIDLAND FUNDING
Nonpriority Creditor's Name
2365 Northside Drive
Number          Street

San Diego          California          92108
City          State          Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number          0164

When was the debt incurred?          11/2017

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify          001 UnknownLoanType

$1,085.00

---

**4.24** MIDLAND FUNDING
Nonpriority Creditor's Name
2365 Northside Drive
Number          Street

San Diego          California          92108
City          State          Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Last 4 digits of account number          3639

When was the debt incurred?          10/2016

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify          001 UnknownLoanType

$463.00

---

| Debtor 1 | Tara | | Buck | | Case number *(if known)* | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

## Part 2:   Your NONPRIORITY Unsecured Claims - Continuation Page

After listing any entries on this page, number them beginning with 4.5, followed by 4.6, and so forth.

**Total claim**

### 4.25  NATIONAL RECOVERY AGEN

$402.00

Nonpriority Creditor's Name
2491 PAXTON ST
Number       Street

HARRISBURG       Pennsylvania       17111
City       State       Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

**Last 4 digits of account number**       0342

**When was the debt incurred?**       2/2018

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] 001 Collection; Collecting for ORIGINAL CREDITOR: COMMONWEALTH EDISON COMPANY C
  Other. Specify _____

### 4.26  Pay Pal Credit

$500.00

Nonpriority Creditor's Name
PO Box 105658
Number       Street

Atlanta       Georgia       30348
City       State       Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

**Last 4 digits of account number**       _____

**When was the debt incurred?**       n/a

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify _____Other_____

### 4.27  Peoples Gas

$800.00

Nonpriority Creditor's Name
200 E. Randolph
Number       Street

Chicago       Illinois       60601
City       State       Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

**Last 4 digits of account number**       _____

**When was the debt incurred?**       n/a

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify _____Other_____

| Debtor 1 | Tara | | Buck | | Case number *(if known)* | |
| | First Name | Middle Name | Last Name | | | |

## Part 2:    Your NONPRIORITY Unsecured Claims - Continuation Page

| After listing any entries on this page, number them beginning with 4.5, followed by 4.6, and so forth. | Total claim |
| --- | --- |

---

**4.28**

Sir Finance Corp
Nonpriority Creditor's Name
6140 N Lincoln Ave Ste 101
Number          Street

Chicago            Illinois          60659
City                State            Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

**Last 4 digits of account number** _____

**When was the debt incurred?**          n/a

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify _____ Other _____

**Total claim** $500.00

---

**4.29**

South Shore Apartments
Nonpriority Creditor's Name
7447 S South Shore Dr
Number          Street

Chicago            Illinois          60649
City                State            Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

**Last 4 digits of account number** _____

**When was the debt incurred?**          n/a

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify _____ Notice Only _____

**Total claim** $0.00

---

**4.30**

Sprint
Nonpriority Creditor's Name
P.O. Box 219554
Number          Street

Kansas City        Missouri          64121
City                State            Zip Code

**Who incurred the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

**Last 4 digits of account number** _____

**When was the debt incurred?**          n/a

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify _____ Other _____

**Total claim** $2,000.00

---

Debtor 1   Tara                                    Buck                    Case number *(if known)* _____

First Name        Middle Name              Last Name

| **Part 2:** | **Your NONPRIORITY Unsecured Claims - Continuation Page** |
|---|---|

After listing any entries on this page, number them beginning with 4.5, followed by 4.6, and so forth.     **Total claim**

**4.31** SYNCB/AMAZON
Nonpriority Creditor's Name
PO BOX 965015
Number        Street

ORLANDO        Florida        32896
City        State        Zip Code
**Who incurred the debt?** Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**

☑ No

☐ Yes

**Last 4 digits of account number** _____

**When was the debt incurred?**        n/a

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☑ Other. Specify _____Other_____

$1,000.00

**4.32** THE BUREAUS INC
Nonpriority Creditor's Name
1717 CENTRAL ST
Number        Street

EVANSTON        Illinois        60201
City        State        Zip Code
**Who incurred the debt?** Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**

☑ No

☐ Yes

**Last 4 digits of account number**        8269

**When was the debt incurred?**        6/2016

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☑        001 Collection; Collecting for
ORIGINAL CREDITOR: CAPITAL
ONE N.A.
Other. Specify _____

$555.00

Debtor 1    Tara                                   Buck                          Case number *(if known)*
　　　　　　First Name　　　　　Middle Name　　　　　Last Name

## Part 4:　Add the Amounts for Each Type of Unsecured Claim

6.
**Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159.**
**Add the amounts for each type of unsecured claim.**

|  |  | Total claims |
|---|---|---|
| **Total claims from Part 1** | **6a. Domestic support obligations.** | 6a. $0.00 |
|  | **6b. Taxes and certain other debts you owe the government** | 6b. $0.00 |
|  | **6c. Claims for death or personal injury while you were intoxicated** | 6c. $0.00 |
|  | **6d. Other. Add all other priority unsecured claims. Write that amount here.** | 6d. $0.00 |
|  | **6e. Total. Add lines 6a through 6d.** | 6e. $0.00 |

|  |  | Total claims |
|---|---|---|
| **Total claims from Part 2** | **6f. Student loans** | 6f. $105,370.00 |
|  | **6g. Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. $0.00 |
|  | **6h. Debts to pension or profit-sharing plans, and other similar debts** | 6h. $0.00 |
|  | **6i. Other. Add all other nonpriority unsecured claims. Write that amount here.** | 6i. $18,791.00 |
|  | **6j. Total. Add lines 6f through 6i.** | 6j. $124,161.00 |

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Tara | | Buck |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern | District of | Illinois |
| | | | (State) |
| Case number | | | |
| (If known) | | | |

☐ Check if this is an amended filing

# Official Form 106G

# Schedule G: Executory Contracts and Unexpired Leases

**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**

   ☑ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Property* (Official Form 106A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease | State what the contract or lease is for |
|---|---|
| | |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Tara | | Buck |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern | District of | Illinois |
| | | | (State) |
| Case number (If known) | | | |

☐ Check if this is an amended filing

# Official Form 106H

## Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

   ☑ No
   ☐ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

   ☑ No. Go to line 3.
   ☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

   ☑ No
   ☐ Yes. In which community state or territory did you live? _____ Fill in the name and current address of that person.

   _____
   Name of your spouse, former spouse, or legal equivalent

   _____
   Number    Street

   _____
   City                    State            Zip Code

3. **In Column 1, list all of your codebtors.** Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on *Schedule D* (Official Form 106D), *Schedule E/F* (Official Form 106E/F), or *Schedule G* (Official Form 106G). Use *Schedule D, Schedule E/F,* or *Schedule G* to fill out Column 2.

| Column 1: Your codebtor | Column 2: The creditor to whom you owe the debt |
|---|---|
| | Check all schedules that apply: |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Tara | | Buck |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern | | District of Illinois |
| | | | (State) |
| Case number (if known) | | | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106I

## Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

| | | Debtor 1 | Debtor 2 |
|---|---|---|---|
| 1. **Fill in your employment information.** | Employment status | ☑ Employed<br>☐ Not Employed | ☐ Employed<br>☐ Not Employed |
| If you have more than one job, attach a separate page with information about additional employers. | Occupation | Operations Support Specialist | |
| Include part time, seasonal, or self-employed work. | Employer's name | USPS | |
| | Employer's address | 230 Northgate St | |
| Occupation may include student or homemaker, if it applies. | | Number Street | Number Street |
| | | | |
| | | Lake Forest   Illinois   60045 | |
| | | City   State   Zip Code | City   State   Zip Code |
| | How long employed there? | 5 years 9 months | |

### Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions.) If not paid monthly, calculate what the monthly wage would be. | 2. | $4,293.12 | |
| 3. | **Estimate and list monthly overtime pay.** | 3. | + $0.00 | |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. | $4,293.12 | |

Debtor 1  Tara                                    Buck                    Case number *(if*
_____    _____    _____    *known)*  _____
First Name        Middle Name            Last Name

|  | | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|
| Copy line 4 here ➡ | 4. | $4,293.12 | |
| **5. List all payroll deductions:** | | | |
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $694.81 | |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $126.27 | |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $0.00 | |
| 5d. **Required repayments of retirement fund loans** | 5d. | $0.00 | |
| 5e. **Insurance** | 5e. | $492.44 | |
| 5f. **Domestic support obligations** | 5f. | $0.00 | |
| 5g. **Union dues** | 5g. | $287.11 | |
| 5h. **Other deductions.** Specify: _____ | 5h. + | $0.00 | + |
| **6. Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h. | 6. | $1,600.63 | |
| **7. Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $2,692.50 | |
| **8. List all other income regularly received:** | | | |
| 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $0.00 | |
| 8b. **Interest and dividends** | 8b. | $0.00 | |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $0.00 | |
| 8d. **Unemployment compensation** | 8d. | $0.00 | |
| 8e. **Social Security** | 8e. | $0.00 | |
| 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies Specify: _____ | 8f. | $0.00 | |
| 8g. **Pension or retirement income** | 8g. | $0.00 | |
| 8h. **Other monthly income.** Specify: Prorated Tax Refund | 8h. + | $369.00 | + |
| **9. Add all other income** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $369.00 | |
| **10. Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse | 10. | $3,061.50 + | = $3,061.50 |

**11. State all other regular contributions to the expenses that you list in** *Schedule J.*

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____                                                                11. +          $0.00

**12. Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.        12.          $3,061.50
Write that amount on the *Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data,* if it applies                        **Combined monthly income**

**13. Do you expect an increase or decrease within the year after you file this form?**

☑ No.

☐ Yes. Explain: _____

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Tara | | Buck |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern | District of | Illinois |
| | | | (State) |
| Case number | | | |
| (If known) | | | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

# Official Form 106J

## Schedule J: Your Expenses                                                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

**1. Is this a joint case?**

☑ No. Go to line 2

☐ Yes. **Does Debtor 2 live in a separate household?**

    ☐ No

    ☐ Yes. Debtor 2 must file Official Forms 106J-2, *Expenses for Separate Household of Debtor 2.*

**2. Do you have dependents?**      ☐ No

Do not list Debtor 1 and Debtor 2.

☑ Yes. Fill out this information for each dependent ........................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Child | | ☐ No. |
| | | ☑ Yes. |

**3. Do your expenses include expenses of people other than yourself and your dependents?**

☑ No

☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental Schedule J, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form B 106I.)

| | | Your expenses |
|---|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. 4. | 4. | $200.00 |
| **If not included in line 4:** | | |
| 4a. Real estate taxes | 4a | $0.00 |
| 4b. Property, homeowner's, or renter's insurance | 4b. | $0.00 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. | $0.00 |
| 4d. Homeowner's association or condominium dues | 4d. | $0.00 |

Debtor 1  Tara                                    Buck                    Case number *(if known)* _____
    First Name        Middle Name        Last Name

|  |  | Your expenses |
|---|---|---|
| 5. **Additional mortgage payments for your residence,** such as home equity loans | 5. | $0.00 |
| 6. **Utilities:** | | |
| 6a. Electricity, heat, natural gas | 6a. | $280.00 |
| 6b. Water, sewer, garbage collection | 6b. | $100.00 |
| 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $225.00 |
| 6d. Other. Specify: _____ | 6d | $0.00 |
| 7. **Food and housekeeping supplies** | 7. | $650.00 |
| 8. **Childcare and children's education costs** | 8. | $0.00 |
| 9. **Clothing, laundry, and dry cleaning** | 9. | $135.00 |
| 10. **Personal care products and services** | 10. | $120.00 |
| 11. **Medical and dental expenses** | 11. | $90.00 |
| 12. **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments | 12. | $400.00 |
| 13. **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $0.00 |
| 14. **Charitable contributions and religious donations** | 14. | $40.00 |
| 15. **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| 15a. Life insurance | 15a | $0.00 |
| 15b. Health insurance | 15b | $0.00 |
| 15c. Vehicle insurance | 15c | $141.00 |
| 15d. Other insurance. Specify: _____ | 15d | $0.00 |
| 16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16 | $0.00 |
| 17. **Installment or lease payments:** | | |
| 17a. Car payments for Vehicle 1 | 17a | $0.00 |
| 17b. Car payments for Vehicle 2 | 17b | $0.00 |
| 17c. Other. Specify: _____ | 17c | $0.00 |
| 17d. Other. Specify: _____ | 17d | $0.00 |
| 18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I).** | 18. | $0.00 |
| 19. **Other payments you make to support others who do not live with you.** Specify: _____ | 19. | $0.00 |
| 20. **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.** | | |
| 20a. Mortgages on other property | 20a | $0.00 |
| 20b. Real estate taxes. | 20b | $0.00 |
| 20c. Property, homeowner's, or renter's insurance | 20c | $0.00 |
| 20d. Maintenance, repair, and upkeep expenses. | 20d | $0.00 |
| 20e. Homeowner's association or condominium dues | 20e | $0.00 |

Debtor 1  Tara                                    Buck                    Case number *(if known)* _____

First Name          Middle Name          Last Name

21. **Other.** Specify: _____          21                          $0.00

22. **Calculate your monthly expenses.**

22a. Add lines 4 through 21.                                                          $2,381.00

22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2    $0.00

22c. Add line 22a and 22b. The result is your monthly expenses.      22.              $2,381.00

23. **Calculate your monthly net income.**

23a. Copy line 12 (your combined monthly income) from Schedule I.    23a              $3,061.50

23b. Copy your monthly expenses from line 22 above.                  23b              $2,381.00

23c. Subtract your monthly expenses from your monthly income.
The result is your monthly net income.                           23c                $680.50

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your
mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No

☐ Yes

Explain here:

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Tara | | Buck |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern | District of Illinois | |
| | | (State) | |
| Case number | | | |
| (If known) | | | |

☐ Check if this is an
amended filing

# Official Form 106Dec

## Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| Part 1: | Sign Below |
|---|---|

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

☑ No

☐ Yes. Name of person _____ *Attach Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119).*

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

✘ **/s/ Tara Buck**_____ ✘ _____
Signature of Debtor 1                    Signature of Debtor 2

Date **9/20/2018**_____          Date _____
MM/DD/YYYY                              MM/DD/YYYY

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Tara | | Buck |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern | District of | Illinois |
| | | | (State) |
| Case number (If known) | | | |

☐ Check if this is an amended filing

# Official Form 107

## Statement of Financial Affairs for Individuals Filing for Bankruptcy          04/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Give Details About Your Marital Status and Where You Lived Before

1.   **What is your current marital status?**

☐ Married
☑ Not married

2.   **During the last 3 years, have you lived anywhere other than where you live now?**

☐ No
☑ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1: | Dates Debtor 1 lived there | Debtor 2: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 |
| 16 W 434 Honeysuckle Rose Lane Apt 215 | From _____ | | From _____ |
| Number Street | To _____ | Number Street | To _____ |
| Willowbrook    Illinois    60527 | | | |
| City    State    Zip Code | | City    State    Zip Code | |
| | | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 |
| | From _____ | | From _____ |
| Number Street | To _____ | Number Street | To _____ |
| City    State    Zip Code | | City    State    Zip Code | |

3.   **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** *(Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☑ No
☐ Yes. Make sure you fill out Schedule H: Your Codebtors (Official Form 106H).

| Debtor 1 | Tara | | Buck | Case number *(if known)* | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**Part 2:    Explain the Sources of Your Income**

**4.    Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities. If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No
☒ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ☒ Wages, commissions, bonuses, tips<br>☐ Operating a business | $37618.00 | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | _____ |
| **For last calendar year:**<br>(January 1 to December 31, _2017_ )<br>YYYY | ☒ Wages, commissions, bonuses, tips<br>☐ Operating a business | $42436.00 | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | _____ |
| **For the calendar year before that:**<br>(January 1 to December 31, _2016_ )<br>YYYY | ☒ Wages, commissions, bonuses, tips<br>☐ Operating a business | $42107.00 | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | _____ |

**5.    Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether that income is taxable. Examples of other income are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☒ No
☐ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | _____ | _____ | _____ | _____ |
| **For last calendar year:**<br>(January 1 to December 31, _2017_ )<br>YYYY | _____ | _____ | _____ | _____ |
| **For the calendar year before that:**<br>(January 1 to December 31, _2016_ )<br>YYYY | _____ | _____ | _____ | _____ |

| Debtor 1 | Tara | | Buck | Case number *(if known)* |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy

6.  **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐ No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** Consumer debts are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?

☐ No. Go to line 7.

☐ Yes. List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

\* Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.

☑ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☑ No. Go to line 7.

☐ Yes. List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| | Dates of payment | Total amount paid | Amount you still owe | Was this payment for... |
|---|---|---|---|---|
| Creditor's Name | | | | ☐ Mortgage |
| | | | | ☐ Car |
| Number Street | | | | ☐ Credit card |
| | | | | ☐ Loan repayment |
| City        State        Zip Code | | | | ☐ Suppliers or vendors |
| | | | | ☐ Other |
| Creditor's Name | | | | ☐ Mortgage |
| | | | | ☐ Car |
| Number Street | | | | ☐ Credit card |
| | | | | ☐ Loan repayment |
| City        State        Zip Code | | | | ☐ Suppliers or vendors |
| | | | | ☐ Other |
| Creditor's Name | | | | ☐ Mortgage |
| | | | | ☐ Car |
| Number Street | | | | ☐ Credit card |
| | | | | ☐ Loan repayment |
| City        State        Zip Code | | | | ☐ Suppliers or vendors |
| | | | | ☐ Other |

Debtor 1  Tara                                    Buck                    Case number *(if known)* _____
          First Name      Middle Name             Last Name

7.  **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
    Insiders include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner;
    corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing
    agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations,
    such as child support and alimony.

    ☑ No
    ☐ Yes. List all payments to an insider.

|  | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|
| Insider's Name _____ | _____ | _____ | _____ | |
| Number Street _____ | | | | |
| _____ | | | | |
| City      State      Zip Code | | | | |
| Insider's Name _____ | _____ | _____ | _____ | |
| Number Street _____ | | | | |
| _____ | | | | |
| City      State      Zip Code | | | | |

8.  **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an
    insider?**
    Include payments on debts guaranteed or cosigned by an insider.

    ☑ No
    ☐ Yes. List all payments that benefited an insider.

|  | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment *Include creditor's name* |
|---|---|---|---|---|
| Insider's Name _____ | _____ | _____ | _____ | |
| Number Street _____ | | | | |
| _____ | | | | |
| City      State      Zip Code | | | | |
| Insider's Name _____ | _____ | _____ | _____ | |
| Number Street _____ | | | | |
| _____ | | | | |
| City      State      Zip Code | | | | |

| Debtor 1 | Tara | | Buck | | Case number *(if known)* | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

| **Part 4:** | **Identify Legal Actions, Repossessions, and Foreclosures** |
|---|---|

9.  **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
    List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☑ No
☐ Yes. Fill in the details.

| | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Case title _____ <br><br> Case number _____ | | Court Name _____ <br><br> NumberStreet _____ <br> City          State          Zip Code | ☐ Pending <br> ☐ On appeal <br> ☐ Concluded |
| Case title _____ <br><br> Case number _____ | | Court Name _____ <br><br> NumberStreet _____ <br> City          State          Zip Code | ☐ Pending <br> ☐ On appeal <br> ☐ Concluded |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
    Check all that apply and fill in the details below.

☑ No. Go to line 11.
☐ Yes. Fill in the information below.

| | Describe the property | Date | Value of the property |
|---|---|---|---|
| Creditor's Name _____ <br><br> Number   Street _____ <br><br> _____ <br> City          State          Zip Code | **Explain what happened** <br> ☐ Property was repossessed. <br> ☐ Property was foreclosed. <br> ☐ Property was garnished. <br> ☐ Property was attached, seized, or levied. | _____ | _____ |
| Creditor's Name _____ <br><br> Number   Street _____ <br><br> _____ <br> City          State          Zip Code | **Explain what happened** <br> ☐ Property was repossessed. <br> ☐ Property was foreclosed. <br> ☐ Property was garnished. <br> ☐ Property was attached, seized, or levied. | _____ | _____ |

Debtor 1    Tara            Buck            Case number (if known) _____
First Name    Middle Name    Last Name

**11.** **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

☑ No
☐ Yes. Fill in the details.

| | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|
| _____<br>Creditor's Name | | | |
| _____<br>Number   Street | Last 4 digits of account number: XXXX– | | |
| _____<br>City          State          Zip Code | | | |

**12.** **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

☑ No
☐ Yes

## Part 5:  List Certain Gifts and Contributions

**13.** **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

☑ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| _____<br>Person to Whom You Gave the Gift | | | |
| _____<br>Number   Street | | | |
| _____<br>City          State          Zip Code | | | |
| Person's relationship to you<br>_____ | | | |
| _____<br>Person to Whom You Gave the Gift | | | |
| _____<br>Number   Street | | | |
| _____<br>City          State          Zip Code | | | |
| Person's relationship to you<br>_____ | | | |

Debtor 1  Tara _____ Buck _____  Case number *(if known)* _____
First Name   Middle Name   Last Name

**14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

☑ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Date you contributed | Value |
|---|---|---|---|
| _____<br>Charity's Name<br><br>_____<br>Number  Street<br><br>_____<br>City       State       Zip Code | | _____ | _____ |

## Part 6:  List Certain Losses

**15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

☑ No
☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|
| _____ | _____ | _____ | _____ |

## Part 7:  List Certain Payments or Transfers

**16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
☑ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Semrad Law Firm<br>Person Who Was Paid<br>11101 S. Western Avenue<br>Number  Street<br><br>_____<br>Chicago       Illinois       60643<br>City       State       Zip Code<br><br>_____<br>Email or website address<br><br>_____<br>Person Who Made the Payment, if Not You | Attorney's Fee - 350.00 | 9/20/2018 | $350.00 |
| _____<br>Person Who Was Paid<br><br>_____<br>Number  Street<br><br>_____<br>City       State       Zip Code<br><br>_____<br>Email or website address<br><br>_____<br>Person Who Made the Payment, if Not You | | _____ | _____ |

Debtor 1   Tara                              Buck                    Case number *(if known)* _____
           First Name    Middle Name        Last Name

**17.** Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?
Do not include any payment or transfer that you listed on line 16.

☑ No
☐ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Person Who Was Paid _____<br><br>Number  Street _____<br><br>_____<br><br>City          State          Zip Code | | _____ | _____ |

**18.** Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☑ No
☐ Yes. Fill in the details.

| | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| Person Who Received Transfer _____<br><br>Number  Street _____<br><br>_____<br><br>City          State          Zip Code<br>Person's relationship to you | | | _____ |
| Person Who Received Transfer _____<br><br>Number  Street _____<br><br>_____<br><br>City          State          Zip Code<br>Person's relationship to you | | | _____ |

**19.** Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?
(These are often called asset-protection devices.)

☑ No
☐ Yes. Fill in the details.

| | Description and value of the property transferred | Date transfer was made |
|---|---|---|
| Name of trust _____ | | _____ |

| Debtor 1 | Tara | | Buck | Case number *(if known)* | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**Part 8:**  **List Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
   Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

   ☑ No
   ☐ Yes. Fill in the details.

| | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| _____ Person Who Was Paid | XXXX- | ☐ Checking ☐ Savings ☐ Money market ☐ Brokerage ☐ Other | _____ | _____ |
| _____ Number  Street _____ _____ City      State      Zip Code | | | | |
| _____ Person Who Was Paid | XXXX- | ☐ Checking ☐ Savings ☐ Money market ☐ Brokerage ☐ Other | _____ | _____ |
| _____ Number  Street _____ _____ City      State      Zip Code | | | | |

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

   ☑ No
   ☐ Yes. Fill in the details.

| | Who else had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|
| _____ Name of Financial Institution _____ Number  Street _____ _____ City      State      Zip Code | _____ Name _____ Number    Street _____ City      State      Zip Code | | ☐ No ☐ Yes |

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

   ☑ No
   ☐ Yes. Fill in the details.

| | Who else had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|
| _____ Name of Storage Facility _____ Number  Street _____ _____ City      State      Zip Code | _____ Name _____ Number    Street _____ City      State      Zip Code | | ☐ No ☐ Yes |

Debtor 1    Tara                                    Buck                    Case number *(if known)*
            First Name    Middle Name            Last Name

---

**Part 9:**    **Identify Property You Hold or Control for Someone Else**

23.  **Do you hold or control any property that someone else owns?** Include any property you borrowed from, are storing for, or hold in trust for someone.

☑ No
☐ Yes. Fill in the details.

| | Where is the property? | Describe the contents | Value |
|---|---|---|---|
| | | | |

Owner's Name                          NumberStreet

Number Street

_____                _____
City        State        Zip Code      City        State        Zip Code

---

**Part 10:**    **Give Details About Environmental Information**

For the purpose of Part 10, the following definitions apply:

- *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

- *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

- *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24.  **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Fill in the details.

| | Governmental unit | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

Name of site                          Governmental unit

Number Street                          NumberStreet

_____                _____
City        State        Zip Code      City        State        Zip Code

25.  **Have you notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Fill in the details.

| | Governmental unit | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

Name of site                          Governmental unit

Number Street                          NumberStreet

_____                _____
City        State        Zip Code      City        State        Zip Code

---

Debtor 1    Tara                                  Buck                    Case number *(if known)* _____
First Name    Middle Name    Last Name

---

**26.    Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No
☐ Yes. Fill in the details.

| | Court or agency | Nature of the case | Status of the case |
|---|---|---|---|
| Case title _____ | Court Name _____ | | ☐ Pending |
| Case number _____ | Number Street _____ | | ☐ On appeal |
| | City    State    Zip Code | | ☐ Concluded |

---

## Part 11:    Give Details About Your Business or Connections to Any Business

**27.    Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time
☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)
☐ A partner in a partnership
☐ An officer, director, or managing executive of a corporation
☐ An owner of at least 5% of the voting or equity securities of a corporation

☑ No. None of the above applies. Go to Part 12.
☐ Yes. Check all that apply above and fill in the details below for each business.

| | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| Business Name _____ | | EIN: |
| Number   Street _____ | | **Dates business existed** |
| City    State    Zip Code | Name of accountant or bookkeeper | From _____ To _____ |

| | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| Business Name _____ | | EIN: |
| Number   Street _____ | | **Dates business existed** |
| City    State    Zip Code | Name of accountant or bookkeeper | From _____ To _____ |

| | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| Business Name _____ | | EIN: |
| Number   Street _____ | | **Dates business existed** |
| City    State    Zip Code | Name of accountant or bookkeeper | From _____ To _____ |

Debtor 1   Tara                                    Buck                    Case number *(if known)* _____

     First Name      Middle Name      Last Name

---

**28.** **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

☑ No

☐ Yes. Fill in the details below.

| | Date issued |
|---|---|
| _____ | _____ |
| Name | MM/DD/YYYY |
| _____ | |
| Number   Street | |
| _____ | |
| City      State      Zip Code | |

---

**Part 12:** **Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✖    /s/ Tara Buck _____       ✖ _____

     Signature of Debtor 1                          Signature of Debtor 2

     Date  9/20/2018                                    Date

**Did you attach additional pages to Your Statement of Financial Affairs for Individuals Filing for Bankruptcy (Official Form 107)?**

☑ No

☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

☑ No

☐ Yes. Name of person _____       Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

---

B2030 (Form 2030) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

In re **Tara Buck**      Case No. _____

_____ Debtor _____      (If known)

Chapter   **Chapter 13**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the abovenamed debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept          **$4,000.00**

   Prior to the filing of this statement I have received       **$350.00**

   Balance Due                        **$3,650.00**

2. The source of the compensation paid to me was:

   [x] Debtor          [ ] Other (specify)

3. The source of the compensation paid to me is:

   [x] Debtor          [ ] Other (specify)

4. [x] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   [ ] I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

_____9/20/2018_____        _____/s/ Hilary L Jabs_____

Date                        Signature of Attorney

                         _____Semrad Law Firm_____

                         Name of law firm

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS**

**RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
CHAPTER 13 DEBTORS AND THEIR ATTORNEYS**

**(Court-Approved Retention Agreement, Use for cases filed on or after September 19, 2016)**

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure, but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved this agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys, including how their attorneys will be paid for their services in the Chapter 13 case. By signing this agreement, debtors and their attorneys accept these responsibilities.

The Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation. The terms of this court-approved agreement take the place of any conflicting provision in an earlier agreement. This agreement cannot be modified in any way by other agreements. Any provision of another agreement between the debtors and the attorney that conflicts with this agreement is void.

### A.   *BEFORE THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

**B.     AFTER THE CASE IS FILED**

THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor must also bring to the meeting a social security card.) The debtor must be present in time for check-in and, when the case is called, for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce.)

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements, and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Prepare, file, and serve a notice of conversion to Chapter 7, pursuant to § 1307(a) of the Bankruptcy Code and Local Bankruptcy Rule 1017-1.

17. Provide any other legal services necessary for the administration of the case.

        *C.*      ***TERMINATION OR CONVERSION OF THE CASE AFTER ENTRY OF AN ORDER APPROVING FEES AND EXPENSES***

1. Approved fees and expenses paid under the provisions set out below are generally not refundable in the event that the case is dismissed prior to its completion, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If such a dismissal is due to a failure by the attorney, the court may order a refund of fees on motion by the debtor.

2. If the case is dismissed after approval of the fees and expenses but before payment of all allowed fees and expenses, the order entered by the Bankruptcy Court allowing the fees and expenses is not a judgment against the debtor for the unpaid fees and expenses based on contract law or otherwise.

3. If the case is converted to a case under Chapter 7 after approval of the fees and expenses under this agreement but before the payment of all fees and expenses, the attorney will be entitled to an administrative claim in the Chapter 7 case for any unpaid fees and expenses, pursuant to § 726(b) of the Bankruptcy Code, plus any conversion fee the attorney pays on behalf of the debtor.

### D.  RETAINERS AND PREVIOUS PAYMENTS

1. The attorney may receive a retainer or other payment before filing the case but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer received by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

☑ The attorney seeks to have the retainer received by the attorney treated as an advance payment retainer, which allows the attorney to take the retainer into income immediately. The attorney hereby provides the following further information and representations:

(a) The special purpose for the advance payment retainer and why it is advantageous to the debtor is as follows:

Client understands that any funds that client is rendering to The Semrad Law Firm, LLC as part of the advance payment retainer shall immediately become the property of The Semrad Law Firm, LLC in exchange for a commitment by The Semrad Law Firm, LLC to provide the legal services described above. Said funds will be deposited into the main bank account owned by The Semrad Law Firm, LLC and will be used for general expense of the firm. Client further understands that it is ordinarily the client's option to deposit funds with an attorney that shall remain client's property as security for future services. However, The Semrad Law Firm, LLC does not represent clients under such a security retainer because the preparation of a bankruptcy cases requires many disparate tasks and functions for the attorney and support staff; some of which require legal expertise while other may be only ministerial in nature. Client further understands that the benefit that client is receiving under the fee arrangement is the commitment of The Semrad Law Firm, LLC to perform any and all work reasonably necessary to represent client's interest absent any extraordinary circumstance.

(b) The retainer will not be held in a client trust account and will become property of the attorney upon payment and will be deposited into the attorney's general account;

(c) The retainer is a flat fee for the services to be rendered during the chapter 13 case and will be applied for such services without the need for the attorney to keep detailed hourly time records for the specific services performed for the debtor;

(d) Any portion of the retainer that is not earned or required for expenses will be refunded to the client; and

(e) The attorney is unwilling to represent the debtor without receiving an advanced payment retainer because of the nature of the chapter 13 case, the fact that the great majority of services for such case are performed prior to its filing, and the risks associated with the representation of debtors in bankruptcy cases in general.

2. In any application for compensation, the attorney must disclose to the court any fees or other compensation paid by the debtor to the attorney for any reason within the one year before the case filing, including the date(s) any such fees were paid.

### E.  CONDUCT AND DISCHARGE

1. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

2. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise engaging in improper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

3. *Discharge of the attorney.* The debtor may discharge the attorney at any time.

### F.     ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES AND EXPENSES

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a flat fee of $4,000.00

2. In addition, the debtor will pay the filing fee in the case and other expenses of $353.23

3. Before signing this agreement, the attorney has received, $350.00
   toward the flat fee, leaving a balance due of $3,650.00 ; and $43.23 for expenses,
   leaving a balance due of $4,003.23

4. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

Date:    9/20/2018 _____

Signed:

/s/ Tara Buck _____

_____                    /s/ Hilary L Jabs _____

Debtor(s)                                        Attorney for Debtor(s)

Do not sign if the fee amounts at top of this page are blank.

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

## This notice is for you if:

- **You are an individual filing for bankruptcy,**
  and

- **Your debts are primarily consumer debts.**
  *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

## The types of bankruptcy that are available to individuals

Individuals who meet the qualifications may file under one of four different chapters of the Bankruptcy Code:

- Chapter 7      — Liquidation
- Chapter 11     — Reorganization
- Chapter 12     — Voluntary repayment plan for family farmers or fishermen
- Chapter 13     — Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

## Chapter 7:   Liquidation

|   | | |
|---|---:|---|
|   | $245 | filing fee |
|   | $75 | administrative fee |
| + | $15 | trustee surcharge |
|   | $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

- most taxes;

- most student loans;

- domestic support and property settlement obligations;

- most fines, penalties, forfeitures, and criminal restitution obligations; and

- certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

- fraud or theft;

- fraud or defalcation while acting in breach of fiduciary capacity;

- intentional injuries that you inflicted; and

- death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A-1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A-2).

If your income is above the median for your state, you must file a second form - the *Chapter 7 Means Test Calculation* (Official Form 122A-2). The calculations on the form - sometimes called the *Means Test* - deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

## Chapter 11:   Reorganization

|   |  |  |
|---|---:|---|
|   | $1,167 | filing fee |
| + | $550 | administrative fee |
|   | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

## Read These Important Warnings

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Chapter 12:  Repayment plan for family farmers or fishermen

|   | | |
|---|---|---|
|   | $200 | filing fee |
| + | $75 | administrative fee |
|   | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13:  Repayment plan for individuals with regular income

|   | | |
|---|---|---|
|   | $235 | filing fee |
| + | $75 | administrative fee |
|   | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

- domestic support obligations,
- most student loans,
- certain taxes,
- debts for fraud or theft,
- debts for fraud or defalcation while acting in a fiduciary capacity,
- most criminal fines and restitution obligations,
- certain debts that are not listed in your bankruptcy papers,
- certain debts for acts that caused death or personal injury, and
- certain long-term secured debts.

## Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

## Bankruptcy crimes have serious consequences

- If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury - either orally or in writing - in connection with a bankruptcy case, you may be fined, imprisoned, or both.

- All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

## Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together - called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

## Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from:
http://www.justice.gov/ust/eo/hapcpa/ccde/cc_approved.html

In Alabama and North Carolina, go to:
http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCredit20AndDebtCounselors.aspx

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

# UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

In re:            **Buck, Tara**
_____
                    Debtor(s)

Case No. _____

Chapter. _____ **Chapter13** _____

## VERIFICATION OF CREDITOR MATRIX

The above named Debtors hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date: _____ 9/20/2018 _____

/s/ Buck, Tara _____
Buck, Tara
*Signature of Debtor*

1

MECHANICS BANK FKA CRB
PO BOX 25805
SANTA ANA, CA, 92799

DEPT OF ED/NAVIENT
PO BOX 9635
WILKES BARRE, PA, 18773

HUNTER WARFIELD
PO Box 1022
Wixom, MI, 48393

MIDLAND FUNDING
PO Box 13105
Roanoke, VA, 24031

THE BUREAUS INC
1717 CENTRAL ST
EVANSTON, IL, 60201

CONVERGENT OUTSOURCING
10750 HAMMERLY BLVD #200
Houston, TX, 77043

NATIONAL RECOVERY AGEN
2491 PAXTON ST
HARRISBURG, PA, 17111

I C SYSTEM INC
PO BOX 64378
SAINT PAUL, MN, 55164

Archerfield Funding, LLC
3601 PGA Boulevard Ste 220
Palm Beach Gardens, FL, 33410

Illinois Lending
1990 E Algonquin Rd Ste 180
Schaumburg, IL, 60173

71st & Jeffery Loans
7100 S Jeffery Ave
Chicago, IL, 60649

Peoples Gas
PO BOX 2968
Milwaukee, WI, 53201


Comcast (Xfinity)
P.O. Box 3001
Southeastern, PA, 19398


City of Chicago - Dept. of Finance
333 S State Street, Suite 330
Chicago, IL, 60604


City of Hometown
Po Box 7643
Carol Stream, IL, 60197


Pay Pal Credit
PO Box 105658
Atlanta, GA, 30348


SYNCB/AMAZON
PO BOX 965015
ORLANDO, FL, 32896


South Shore Apartments
7447 S South Shore Dr
Chicago, IL, 60649


Sir Finance Corp
c/o Edward Szymanski
PO BOX 5358
Elgin, IL, 60121


Sprint
PO Box 7949
Overland Park, KS, 66207


Ashley Stewart
PO Box 659705
San Antonio, TX, 78265


Chrysler Financial Services
3760 Lavista Rd
Suite 200
Tucker, GA, 30084

Progressive Leasing
256 W. Data Drive
Drapper, UT, 84020

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS

### RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
### CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

**(Court-Approved Retention Agreement, Use for cases filed on or after September 19, 2016)**

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure, but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved this agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys, including how their attorneys will be paid for their services in the Chapter 13 case. By signing this agreement, debtors and their attorneys accept these responsibilities.

The Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation. The terms of this court-approved agreement take the place of any conflicting provision in an earlier agreement. This agreement cannot be modified in any way by other agreements. Any provision of another agreement between the debtors and the attorney that conflicts with this agreement is void.

### A. BEFORE THE CASE IS FILED

#### THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

#### THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

### B.     AFTER THE CASE IS FILED

THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor must also bring to the meeting a social security card.) The debtor must be present in time for check-in and, when the case is called, for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce.)

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements, and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Prepare, file, and serve a notice of conversion to Chapter 7, pursuant to § 1307(a) of the Bankruptcy Code and Local Bankruptcy Rule 1017-1.

17. Provide any other legal services necessary for the administration of the case.

### C.   TERMINATION OR CONVERSION OF THE CASE AFTER ENTRY OF AN ORDER APPROVING FEES AND EXPENSES

1. Approved fees and expenses paid under the provisions set out below are generally not refundable in the event that the case is dismissed prior to its completion, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If such a dismissal is due to a failure by the attorney, the court may order a refund of fees on motion by the debtor.

2. If the case is dismissed after approval of the fees and expenses but before payment of all allowed fees and expenses, the order entered by the Bankruptcy Court allowing the fees and expenses is not a judgment against the debtor for the unpaid fees and expenses based on contract law or otherwise.

3. If the case is converted to a case under Chapter 7 after approval of the fees and expenses under this agreement but before the payment of all fees and expenses, the attorney will be entitled to an administrative claim in the Chapter 7 case for any unpaid fees and expenses, pursuant to § 726(b) of the Bankruptcy Code, plus any conversion fee the attorney pays on behalf of the debtor.

3

### D.    RETAINERS AND PREVIOUS PAYMENTS

1. The attorney may receive a retainer or other payment before filing the case but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer received by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

☑  The attorney seeks to have the retainer received by the attorney treated as an advance payment retainer, which allows the attorney to take the retainer into income immediately. The attorney hereby provides the following further information and representations:

(a)  The special purpose for the advance payment retainer and why it is advantageous to the debtor is as follows:

Client understands that any funds that client is rendering to The Semrad Law Firm, LLC as part of the advance payment retainer shall immediately become the property of The Semrad Law Firm, LLC in exchange for a commitment by The Semrad Law Firm, LLC to provide the legal services described above. Said funds will be deposited into the main bank account owned by The Semrad Law Firm, LLC and will be used for general expense of the firm. Client further understands that it is ordinarily the client's option to deposit funds with an attorney that shall remain client's property as security for future services. However, The Semrad Law Firm, LLC does not represent clients under such a security retainer because the preparation of a bankruptcy cases requires many disparate tasks and functions for the attorney and support staff; some of which require legal expertise while other may be only ministerial in nature. Client further understands that the benefit that client is receiving under the fee arrangement is the commitment of The Semrad Law Firm, LLC to perform any and all work reasonably necessary to represent client's interest absent any extraordinary circumstance.

(b)  The retainer will not be held in a client trust account and will become property of the attorney upon payment and will be deposited into the attorney's general account;

(c)  The retainer is a flat fee for the services to be rendered during the chapter 13 case and will be applied for such services without the need for the attorney to keep detailed hourly time records for the specific services performed for the debtor;

(d)  Any portion of the retainer that is not earned or required for expenses will be refunded to the client; and

(e)  The attorney is unwilling to represent the debtor without receiving an advanced payment retainer because of the nature of the chapter 13 case, the fact that the great majority of services for such case are performed prior to its filing, and the risks associated with the representation of debtors in bankruptcy cases in general.

2. In any application for compensation, the attorney must disclose to the court any fees or other compensation paid by the debtor to the attorney for any reason within the one year before the case filing, including the date(s) any such fees were paid.

### E.    CONDUCT AND DISCHARGE

1. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

2. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise engaging in improper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

3. *Discharge of the attorney.* The debtor may discharge the attorney at any time.

*F.*     *ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES AND EXPENSES*

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a flat fee of $4,000.00

2. In addition, the debtor will pay the filing fee in the case and other expenses of $353.23

3. Before signing this agreement, the attorney has received, $350.00
   toward the flat fee, leaving a balance due of $3,650.00 ; and $43.23 for expenses,
   leaving a balance due of $4,003.23

4. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

Date:     9/20/2018

Signed:

/s/ Tara Buck

_____

Debtor(s)

/s/ Hilary L Jabs

_____

Attorney for Debtor(s)

Do not sign if the fee amounts at top of this page are blank.

# THE SEMRAD LAW FIRM

Attorneys & Counselors at Law
20 S. Clark, 28ᵗʰ Floor
Chicago, IL 60603
(312) 913-0625

Re: Agreement Regarding Priority Treatment of The Semrad Law Firm LLC's Fees and
Expenses

Dear Tara Buck,

Thank you for choosing The Semrad Law Firm LLC (the Firm) to represent you in connection
with your Chapter 13 bankruptcy case. In addition to the terms contained in the Court Approved
Retention Agreement (CARA) it is our policy to confirm in writing how and when the Firm's
fees and expenses will be paid. If there are any terms contained in this document that are in
conflict with CARA, those terms are void.

Aside from any initial retainer that you pay the Firm, you will be required to pay the Firm's fees
and expenses through the Chapter 13 plan after it is approved by the Bankruptcy Court. Each
month, you will pay the Trustee the amount stated in your Chapter 13 plan. The Trustee will
then disburse that money out according to the provisions of your plan to the Firm and other
creditors.

The model Chapter 13 plan gives fourth priority to attorneys' fees, after the Trustee's fees,
current mortgage payments, and payments to secured creditors listed in Section 3.1, 3.2, or 3.3
(for example, payments due to lenders on a loan to purchase a car, furniture, appliance or other
item of personal property). The Firm intends to alter this priority scheme by modifying the model
Chapter 13 plan to provide for payment of the Firm's attorney's fees and costs before any
payments are made to your other creditors. That means that the money you send to the Trustee
each month will first be paid to the Firm and not to pay the claims of your other creditors until
the Firm's fees and expenses are paid in full. Such claims of other creditors include your car
note, other financed personal property, parking tickets, taxes, and any claims of other creditors
that may be included in your plan.

Aside from the Firm's commitment to perform any and all work reasonably necessary to
represent you in this bankruptcy case without requiring you to pay a substantial amount of the
fees and expenses up front, there is no benefit to you from this priority treatment of the Firm's
fees and expenses. Furthermore, this arrangement presents certain risks. In the event that your
case is dismissed before completion of the plan or if you decide to convert your case to a case
under Chapter 7, it is likely that the Firm's attorneys' fees will have been paid while little of your
other debts are paid.

In addition, there is the possibility that a creditor or the Trustee may object to the Firm being
paid under this altered priority arrangement. In the event of such an objection, the Firm may

# THE SEMRAD LAW FIRM

Attorneys & Counselors at Law
20 S. Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625

lower that amount that the Firm will receive each month and increase the monthly payment to such creditor in order to resolve the objection. However, creditors may seek to recover additional attorneys' fees as a result of any such objection and you may be required to pay the creditors' additional attorneys' fees over time through the Chapter 13 Plan.

A Chapter 13 plan will be filed on your behalf to repay your creditors. Your Chapter 13 plan payment will be **$680.00** at the time of filing. This monthly Chapter 13 plan payment can be subject to change during your case. Included within this monthly plan payment is the Firm's compensation for representing you during the Chapter 13. You will be paying the Firm an attorney fee of **$4,000.00**, with an initial down payment of **$350.00.**

Within the Chapter 13 plan payment, you will be paying back your creditors and the Firm's attorney fees:

1. The trustee will be paid an estimated **4.7%** of the plan payment.
2. The Firm's fees will be paid at approximately **$504.00**/mo.
3. **MECHANICS BANK FKA CRB** will be paid **$24,405.00** at **7%** APR at a fixed monthly payment of **$144.00**/mo until Firm's Fees are paid. Commencing with the February 2020 plan payment, MECHANICS BANK FKA CRB shall receive set payments in the amount of $616.00 per month.
4. **Progressive Leasing** is a NON-PMSI creditor and the Trustee shall not pay them any pre-confirmation adequate protection payments. **Progressive Leasing** will be paid $1,665.38 at 3.5% APR at $32.00/mo after Firm's fees and MECHANICS BANK FKA CRB are paid.
5. General Unsecured Creditors will be paid **10%** pro-rata after all other creditors.
6. Debtor's student loan debts owed to DEPT OF ED/NAVIENT are currently in deferment and the Trustee shall not pay any claim filed by DEPT OF ED/NAVIENT.

If you do not wish to pay the Firm's attorneys' fees and expenses ahead of your creditors as set forth above, you have the following options:

A. You can elect to pay the Firm an upfront retainer of $1,500 prior to filing your case and elect for the plan to pay your car note (and/or other claims secured by personal property) and mortgage arrears in equal set monthly payments along with the Firm's fees and expenses; or

B. You can seek representation by another firm under a different payment arrangement.

# THE SEMRAD LAW FIRM

Attorneys & Counselors at Law
20 S. Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625

Please carefully review this letter. If the terms are not consistent with your understanding of our engagement in any respect or if you have any questions concerning the same, please notify us promptly. You can also seek advice from other counsel regarding your rights under this arrangement. Firm policy and a prior court order require that we receive confirmation of your acceptance of these terms in the form of your signature at the bottom of this letter. Please return the signed copy to the Firm as soon as possible.

Very Truly Yours,

THE SEMRAD LAW FIRM LLC

One of its Attorneys

Accepted:

Date: 09/20/2018

| Debtor 1 | Tara | Buck | Case number (if known) |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

## Part 6:   Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

---

**17. Are you filing under Chapter 7?**

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☑ No. I am not filing under Chapter 7. Go to line 18.

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No.
☐ Yes.

---

**18. How many creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**19. How much do you estimate your assets to be worth?**

☑ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☑ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

## Part 7:   Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**✗** /s/ Tara Buck
Signature of Debtor 1

**✗**
Signature of Debtor 2

Executed on   9/20/2018
                 MM / DD / YYYY

Executed on
                 MM / DD / YYYY

Fill in this information to identify your case:

| Debtor 1 | Tara | | Buck | |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |
| Debtor 2 | | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |

United States Bankruptcy Court for the:   Northern    District of Illinois
(State)

Case number
(if known)

Check if this is an
amended filing

## Official Form 106Dec

## Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Part 1:   Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

☑ No

☐ Yes. Name of person _____     Attach Bankruptcy Petition Preparer's Notice, Declaration, and
Signature (Official Form 119).

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

✗ /s/ Tara Buck                                    ✗ _____
Signature of Debtor 1                                Signature of Debtor 2

Date 9/20/2018                                      Date _____
MM/DD/YYYY                                               MM/DD/YYYY

Official Form 106Dec          Declaration About an Individual Debtor's Schedules          page 1

Debtor 1   Tara                                                Buck                     Case number *(if known)* _____
_____
First Name              Middle Name             Last Name

**28.** Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.

☑ No

☐ Yes. Fill in the details below.

| | Date issued |
|---|---|
| Name | MM/DD/YYYY |
| Number   Street | |
| City          State          Zip Code | |

## Part 12: Sign Below

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _____/s/ Tara Buck_____                    ✗ _____
Signature of Debtor 1                            Signature of Debtor 2

Date  9/20/2018                                  Date

Did you attach additional pages to Your Statement of Financial Affairs for Individuals Filing for Bankruptcy (Official Form 107)?

☑ No

☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?

☑ No

☐ Yes. Name of person _____          Attach the *Bankruptcy Petition Preparer's Notice,*
                                                          *Declaration, and Signature* (Official Form 119).

## UNITED STATES BANKRUPTCY COURT
**Northern District of Illinois**

In re:                     **Buck, Tara**
                                Debtor(s)

Case No.

Chapter.                    **Chapter13**

## VERIFICATION OF CREDITOR MATRIX

The above named Debtors hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date:         9/20/2018

/s/ Buck, Tara

Buck, Tara
*Signature of Debtor*

1

Debtor 1 __Tara__ _____ __Buck__    Case number *(if known)* _____
     First Name    Middle Name    Last Name

**16. Calculate the median family income that applies to you. Follow these steps:**

16a. Fill in the state in which you live.    Illinois

16b. Fill in the number of people in your household.    2

16c. Fill in the median family income for your state and size of household     **$68,687.00**
To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

**17. How do the lines compare?**

17a. ☑ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3)*. **Go to Part 3.** Do NOT fill out *Calculation of Disposable Income* (Official Form 122C-2).

17b. ☐ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3)*. **Go to Part 3 and fill out Calculation of Disposable Income (Official Form 122C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

## Part 3: Calculate Your Commitment Period Under 11 U.S.C. §1325(b)(4)

**18. Copy your total average monthly income from line 11.**    **$4,298.78**

**19. Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

19a. If the marital adjustment does not apply, fill in 0 on line 19a.    -$0.00

**19b. Subtract line 19a from line 18.**    **$4,298.78**

**20. Calculate your current monthly income for the year. Follow these steps:**

20a. Copy line 19b.    $4,298.78

Multiply by 12 (the number of months in a year).    **x 12**

20b. The result is your current monthly income for the year for this part of the form.    **$51,585.36**

20c. Copy the median family income for your state and size of household from line 16c.    **$68,687.00**

**21. How do the lines compare?**

☑ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, The commitment period is 3 years. Go to Part 4.

☐ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years*. Go to Part 4.

## Part 4: Sign Below

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

✗ __/s/ Tara Buck__       ✗ _____
Signature of Debtor 1        Signature of Debtor 2

Date __9/20/2018__      Date _____
     MM/DD/YYYY         MM/DD/YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.
If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

Please read each paragraph and initial on the line below to state that you have read and understand each disclaimer.

# VEHICLE INSIDE THE PLAN DISCLAIMER

1. I understand and agree that I have full coverage insurance on my vehicle(s), and that failure to have full coverage insurance is grounds for my finance company(s) to repossess my vehicle(s).

2. I understand that my first trustee payment is due within 30 days of my case being filed, and that if the trustee payment is not received and posted to the Trustee's account within 30 days that this could be grounds to have my car repossessed.

3. I understand that if my car was purchased more than 910 days ago, that I only have to pay back the value of my vehicle, but this value can be disputed by my finance company causing my Trustee payment to increase.

4. I understand that it is my responsibility to contact my car creditor(s) after my bankruptcy case has been filed to alert them that I am in a bankruptcy so my car does not get repossessed.

5. I understand that if I want to sell or trade in my vehicle, that I need court permission and must contact my attorney to obtain such permission.

# CHAPTER 13 DISCLAIMERS

1. I understand that if I owe attorneys fees, those fees will be paid through the Chapter 13 plan and, to the extent allowed by the Bankruptcy Court, The Semrad Law Firm will likely be paid before any of my creditors are paid.

2. I understand that The Semrad Law Firm has pulled a credit report, but that said credit report does not report every debt I owe. I understand that it is my responsibility to provide all my debts to The Semrad Law Firm to list in my bankruptcy, and that failure to list a debt could be grounds for said debt(s) being not discharged in my case.

3. I agree that in the preparation of my bankruptcy petition and schedules that I have disclosed to The Semrad Law Firm all my debts, sources of income, assets, personal property, real estate, transfers of real estate over the past 4 years, and expenses.

4. I agree that I will attend my creditors meeting at the time, date and location that will be given to me by The Semrad Law Firm, and also mailed to me by the Bankruptcy Court. That at this meeting I will bring my driver's license or State ID, my social security card, and a recent pay stub if I am working. That failure of me to attend this meeting is grounds for my case to be dismissed. I also understand that failure to bring said requested documents to the meeting can be grounds for the meeting to not be held.

5. I understand that The Semrad Law Firm will be paid first before all creditors unless otherwise agreed or ordered by the court.

6. I understand that my first trustee payment is due 30 days after the filing of my bankruptcy case, and every 30 days thereafter. I agree to make my trustee payment every 30 days, and that failure to make my trustee payments is grounds to have my case dismissed.

7. I acknowledge that I have authorized The Semrad Law Firm to submit a payroll control order on my behalf (if applicable) to have my payment deducted from my payroll check each pay period.

«matter_number»

8. I understand that if a payroll control order is being submitted, that it is unknown when the trustee payments will be deducted out of my paycheck (usually takes one to two months). I also agree to make my Trustee payment directly myself to the Trustee until I see the deductions come out of my paycheck.

_____

9. I understand and agree that it is ultimately my responsibility to make my trustee payments each month and monitor my paycheck each pay period to ensure that not only that the deduction is coming out of my paycheck, but also that it is the correct amount. I agree that if for some reason the trustee payment stops coming out of my paycheck, or I leave my job that it is my responsibility to make my trustee payments directly to the Trustee.

_____

10. I understand that when making a trustee payment directly to the Trustee, it can only be made by money order or certified check, and that a personal check or cash cannot be sent to the Trustee.

_____

11. I agree that I am contributing all the disposable income I have available toward my Chapter 13 plan, and that if my plan is paying my unsecured creditors less than 100%, that the Bankruptcy Trustee can ask that my future tax refunds be tendered to my case while I am in my bankruptcy case.

_____

12. I understand that if I want to incur credit such as to finance a car or real estate that I need court permission, and agree that I must contact my attorney to obtain such permission.

_____

13. I understand that I must have filed my federal and state tax returns for the past 4 years if I was legally required to, and failure to have done so is grounds to have my case dismissed.

_____

14. I understand that if I am legally required by court order to pay domestic support obligations (child support, alimony), that falling in default is grounds to have my case dismissed and/or not receive a discharge in my case.

_____

«matter number»

15. I understand that my Chapter 13 plan will run between 36 and 60 months, depending on the amount of debt I have, and what the bankruptcy court requires my plan to run.

16. I understand and agree to complete my 2nd credit counseling exit course before my case ends, and submit a copy of the certificate showing I completed this to my attorney. I also understand that failure to complete this requirement before my case ends is grounds to not receive my discharge.

17. If I have a garnishment coming out of my paycheck, I agree and understand that it is my responsibility to provide my payroll department with proof of my bankruptcy to stop said wage garnishment. It also my responsibility to contact the garnishing creditor and provide them with proof of my filing.

18. If a garnishment or voluntary deduction is coming out of my bank account, I agree that it is my responsibility to contact my bank to stop said deduction or garnishment by providing proof of bankruptcy, or requesting my bank to close my account and open a new account.

19. I understand that my monthly Trustee payment is not finalized and may increase or decrease due to a difference in my income, expenses, and/or my debt amounts.

20. I agree that I authorized The Semrad Law Firm to file my bankruptcy case, after I reviewed my bankruptcy petition and schedules.

21. I understand that the entire firm of The Semrad Law Firm represents me, and that while a different attorney might have counseled me and prepared my case, that once my case is filed, one of the attorneys at The Semrad Law Firm will be assigned as my attorney for the remainder of my case.

22.  I understand that if I have had (1) bankruptcy dismissed in the last 12 months, that I only have the benefit of the automatic stay for 30 days, until a motion is granted by the judge extending the automatic stay protection for the remainder of the case. That if the Judge denies my motion to extend the automatic stay that it is possible that creditors will still be able to take actions such as foreclosing on my real property, repossessing any vehicles, and garnishing my monies.

23.  I understand that if I have had (2) or more bankruptcies dismissed in the last 12 months, that I do not have the benefit of the automatic stay upon the filing of the case, until a motion is granted by the judge imposing the automatic stay protection for the remainder of the case. Until the Judge grants such motion none of my property including my real property, cars or monies are not protected. That if the Judge denies my motion to impose the automatic stay that creditors will still be able to take actions such as foreclosing on my real property, repossessing any vehicles, and garnishing my monies.

24.  I understand that if I owe any taxing authority such as the IRS or State of Illinois any income tax debt, that even though I am required to put this debt into my Chapter 13 plan, that tax authorities still have the legal right to offset my next tax refund by the amount(s) they are owed.